STATE v. JOHN W. ALPHIN.

*Practice in Criminal Actions.*

A judge has no power to make an order in a criminal action after the expiration of the term.

(*Sharpe* v. *Rintels*, Phil., 34; *Hervey* v. *Edmunds*, 68 N. C., 243, cited, distinguished and approved.)

APPEAL from an Order in a Criminal Action made at Spring Term, 1879, of WAYNE Superior Court, by *Seymour, J.*

The facts are stated in the opinion.    From the order made in the court below, *Galloway*, solicitor for the State, appealed.

*Attorney General*, for the State.
*Mr. H. R. Kornegay*, for the defendant.

ASHE, J.    The defendant was tried at the fall term, 1878, of the superior court of Wayne county, for the offence of obtaining goods by false pretenses, and was convicted and sentenced, and after conviction he obtained a rule for a new trial; the rule was discharged, judgment pronounced and an appeal taken to this court.

Three weeks after the expiration of the fall term, 1878, of Wayne superior court, without the knowledge or consent of the solicitor, and without any notice to him, and while the judge was holding court in another county, he, Judge McKoy, sent a paper to the clerk of the superior court of Wayne county, of which the following is a copy :

"State v. John W. Alphin.

Rule for new trial. Rule made absolute and new trial granted. Let the clerk enter this on the minutes of fall term, 1878, Wayne superior court."

At the spring term, 1879, of said court the cause was called ; the defendant appeared and insisted on another trial before the jury. The solicitor for the state urged that Judge McKoy had no power to grant a new trial, after the expiration of the fall term, 1878, and moved for judgment against the defendant, which we suppose meant the execution of the sentence ; but His Honor refused the motion, and ordered a jury to be impaneled to try the case, from which order the solicitor appealed to this court.

The judgment rendered in the case at fall term, 1878, was regular, but there was no statement of the case made by the counsel or the presiding judge.

It has been well settled that a judgment regularly entered at one term of the court cannot be set aside at a subsequent term. *Sharpe* v. *Rintels*, Phil. 34, and case cited. And if it could not be done at a subsequent term, we know of no authority by which a judge may set it aside in vacation. After the expiration of the term of the court he is "*functus officio*," *quaod* the proceedings of that court.

The only case we have been able to find where this exercise of power on the part of a judge, after the expiration of court, is the case of *Hervey* v. *Edmunds*, 68 N. C., 243 ; but that was a civil action and the jurisdiction of the judge out of term was sustained purely on the ground that the consent of the parties had been given, which it was held by virtue of section 315 of the code of civil procedure gave the judge jurisdiction. But in our case there was no consent, and upon reference to that section of the code, it will be found that it applies exclusively to civil actions, and is no authority for the exercise of such a power in criminal actions. Mr. Justice RODMAN, in delivering the opinion of the court in

that case, said that before the C. C. P. the judge had no such jurisdiction out of term-time.

We are of the opinion that the judge had no power to make the order after the expiration of the term, that the order is a nullity and should be stricken from the record.

We have thus expressed our opinion on the matter intended to be reviewed, for the guidance of the court in its further action in the premises. But as the appeal was improvidently taken and the case is not properly before us, we render no judgment except to dismiss the appeal. The appeal is therefore dismissed.

PER CURIAM.              Appeal dismissed.