State v. Boone

─────────────

STATE OF NORTH CAROLINA v. JAMES CHARLES BOONE

No. 824SC276

(Filed 7 December 1982)

Judgments § 2.1; Searches and Seizures § 43— denial of motion to suppress evidence—order entered after session and in another district

An order denying defendant's pretrial motion to suppress seized evidence was a nullity where it was signed after the close of the session at which the motion was heard and was signed outside of the county and district in which defendant was being tried. Therefore, it was error for the trial judge to decline to hear defendant's motion to suppress when it was renewed before him at the trial. G.S. 15A-977.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 2 July 1981 ONSLOW County Superior Court. Heard in the Court of Appeals 12 October 1982.

Defendant was charged with and convicted of felonious possession of more than one ounce of marijuana, in violation of the Controlled Substance Act. From judgment and sentence entered on the verdict, defendant appealed.

The evidence for the State tended to show the following. On 13 February 1981 a number of police officers were engaged in a search of a farm near Jacksonville, in Onslow Co., where they found a large quantity of marijuana. While the search was underway, one of the officers, State Bureau of Investigation Agent Al Stevens, was in the process of leaving the farm when he observed a vehicle being driven by defendant approaching the farm. As Stevens approached defendant's vehicle, defendant put his vehicle in reverse gear and proceeded to go backward toward a main highway at a speed of 30 to 35 miles per hour, when he reached the main highway, defendant drove away. Agent Stevens followed defendant and signaled for defendant to stop. Agent Stevens recognized the passenger in defendant's vehicle as Tommy Johnson, a person Stevens had been reliably informed was engaged in manufacturing the marijuana discovered at the farm. Agent Stevens had previously arrested Tommy Johnson, who had a reputation as a drug dealer. After stopping defendant's vehicle, Stevens identified himself and asked defendant and Johnson to go back to the farm to talk to Detective Cooper of the Onslow Co. Sheriff's Department. Stevens did not tell defendant he was under arrest. Defendant willingly accompanied Stevens back to the farm. At the farm, defendant was engaged in conversation by Deputy Sheriffs Gibson and Taylor, who requested permission to look in the trunk of defendant's car. Defendant opened the trunk where the officers observed marijuana contained in a duffel bag located in the car trunk. The officers seized the duffel bag, found that it contained ten pounds of marijuana, and placed defendant under arrest.

Defendant's pre-trial motion to suppress the evidence found in his car was heard by Judge Elbert S. Peel, Jr. on the 16th and 18th of June 1981 at a Criminal Session of Superior Court in Onslow County, which is in the Fourth Judicial District. The order denying defendant's motion was signed by Judge Peel in Williamston, Martin County, which is in the Second Judicial District, on 25 June 1981. At trial, defendant moved to have his motion to suppress heard by Judge Strickland. That motion was denied.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Jeffrey S. Miller for defendant-appellant.*

WELLS, Judge.

By his first assignment of error, defendant contends that Judge Peel's order denying defendant's motion to suppress was a nullity. We agree. The order was signed after the session at which the motion was heard was closed, and it was signed outside of the district and outside of the county in which defendant was being tried. Under these circumstances, Judge Peel was without authority to enter the disputed order. *See State v. Saults*, 299 N.C. 319, 261 S.E. 2d 839 (1980); *State v. Ray*, 97 N.C. 510, 1 S.E. 876 (1887); 8 N.C. Index 3d, Judgments, § 2.1.

Judge Peel's order being a nullity, defendant was entitled to have his motion to suppress heard before trial, G.S. 15A-977, and it was error for Judge Strickland to decline to hear defendant's motion when it was renewed before him.

Since there must be a new trial, we deem it inappropriate to address defendant's other assignments of error.

New trial.

Judges VAUGHN and WEBB concur.