IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY J. B. BROOKS AND WIFE, GEARENE B. BROOKS, DEED OF TRUST BOOK 321, AT PAGE 948

No. 8829SC533

(Filed 21 February 1989)

**Judgments § 2.1— order signed out of term and out of county —order void**

The trial judge had no jurisdiction to sign an order entered once her term and the period of consent between the parties to allow her to sign the order out of term had expired.

APPEAL by petitioner from *Hyatt (J. Marlene), Judge,* and *Owens (Hollis M., Jr.), Judge.* Order entered 5 November 1987 by Hyatt and Order entered 28 March 1988 by Owens in Superior Court, MCDOWELL County. Heard in the Court of Appeals 7 December 1988.

This is an action to determine if a non-resident Superior Court judge had jurisdiction to sign an order entered once her term and the period of consent between the parties to allow her to sign the order out of term had expired.

This case began as a foreclosure action on a deed of trust pursuant to G.S. 45-21.16. The action was duly instituted 26 June 1986 by a Notice for Hearing filed before the Clerk of Superior Court in McDowell County. The Clerk had the proper jurisdiction and the hearing was held 30 July 1986. After the hearing, the Clerk entered an order refusing to allow the foreclosure to take place. Petitioner appealed to Superior Court in McDowell County.

## IN RE FORECLOSURE OF BROOKS

[93 N.C. App. 86 (1989)]

The case was heard in the 29th District during the 7 September 1986 term of Superior Court, the Honorable J. Marlene Hyatt of the 30th District presiding. Judge Hyatt entered an order denying foreclosure. The petitioner appealed to this Court. In an unpublished opinion (File No. 8629SC1102) this Court stated, "[W]e remand the case to the trial court to make appropriate findings of fact on the evidence which was presented to it."

On remand, the Chief District Court Judge used his authority pursuant to G.S. 7A-146 to reassign the case to Judge Hyatt when she returned to the 29th District. Judge Hyatt was assigned to hold court in McDowell County for the week of 7 September 1987. The case was reheard on 11 September 1987, the last day of Judge Hyatt's term in that county. According to a letter in the record from the petitioner's counsel to Judge Hyatt dated 23 September 1987, although the judge's term ended that day, the parties consented to allow the judge to enter a judgment out of term within ten days. The judgment was to be prepared by respondent's attorney.

Judge Hyatt did not sign the Order until 5 November 1987, and the Order was not filed until 19 November 1987. There is no evidence in the record revealing when the Order was submitted to the judge.

Petitioner filed a motion pursuant to G.S. 1A-1, Rules 60, 59 and 52(b) and requested the Order signed by Judge Hyatt be voided because it was signed out of term and out of county, and he requested a new trial. In the alternative, petitioner requested the Order be amended as he suggested in Exhibit B which would allow the foreclosure. Petitioner's motion was denied and petitioner appeals.

*Jones and Davis Attorneys, by J. Thomas Davis, for appellant-petitioner Cliffside Hosiery Mill, Inc.*

*No brief filed for respondent-appellees.*

ORR, Judge.

Petitioner argues on appeal that Judge Hyatt lacked jurisdiction to sign the order in question. We agree.

As we have stated above, the Chief District Court Judge has the statutory authority to assign cases to Superior Court judges. *See* G.S. 7A-146. A decision to reassign a case to the original trial judge is clearly judicially expedient. Yet, the Chief District

**IN RE FORECLOSURE OF BROOKS**

[93 N.C. App. 86 (1989)]

Judge has no obligation to do so. Therefore, the original judge does not have authority over a particular case on remand unless the judge is in session in the proper county, and the case is reassigned to that judge. Judge Hyatt, therefore, did not maintain jurisdiction over the case on remand simply because she was the original trial court judge.

The period of consent is critical because Judge Hyatt's term ended on 11 September 1987. A judgment or order entered after that time could only be valid if there was consent between the parties to that effect. *State v. Boone*, 310 N.C. 284, 287, 311 S.E. 2d 552, 555 (1984). G.S. 7A-47 makes clear that a non-resident superior court judge has the "same powers in the district in open court and in chambers as the resident judge . . . and his jurisdiction in chambers shall extend until the session is adjourned . . . ."

*Boone* clearly states the necessity of consent by the parties if an order is to be signed by a judge whose term has expired. *State v. Boone*, 310 N.C. at 287, 311 S.E. 2d at 555. In the case *sub judice*, consent was given for ten days. However, that period had long expired by the time the Order was entered. For that reason, we find the Order was void, and the case must be remanded for the necessary findings of fact and the signing of an order during a duly designated term of court.

Based on this holding, we do not reach the petitioner's remaining assignments of error which refer to the trial court's findings and the sufficiency of the evidence to support those findings.

Remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.