IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-715

Filed: 18 August 2020

Mecklenburg County, Nos. 17 CRS 234118-119, 234122-123, 032613

STATE OF NORTH CAROLINA

v.

MITCHELL ANDREW TUCKER, Defendant.

Appeal by defendant from judgments entered 30 May 2018 by Judge Jesse B. Caldwell III in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 April 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Bethany A. Burgon, for the State.*

*Guy J. Loranger for defendant-appellant.*

YOUNG, Judge.

Where the evidence, taken in the light most favorable to the State, did not permit the jury to infer that defendant knew of the terms of the protective order, the trial court erred in denying defendant's motion to dismiss. Where the evidence did not permit the jury to find that defendant knew of a protective order, it did not permit the jury to find defendant guilty of breaking and entering in violation of a protective order, and the trial court committed plain error in instructing the jury on that theory of guilt. We reverse.

I. Factual and Procedural Background

Mitchell Andrew Tucker (defendant), a 61-year-old homeless man, met Deanna Pasquarella (Pasquarella), also homeless, in August of 2016. They stayed together in a tent for some time, but in October of 2016, defendant assaulted Pasquarella and threatened her with a knife, after which she moved out of his tent. This incident went unreported. By June of 2017, Pasquarella had turned her life around and was living in an apartment and working at a job. Pasquarella still saw defendant occasionally, and he would periodically spend the night.

In August of 2017, however, defendant again assaulted Pasquarella. This time, police were involved, and defendant was arrested. Pasquarella also filed for and received an *ex parte* domestic violence protective order (the first DVPO) against defendant. This order expired on 6 September 2017. Defendant was served with the first DVPO on 28 August 2017, while defendant was in jail. Defendant was also served with a notice of hearing to be held on 6 September 2017, at which time it would be determined if another DVPO would be entered. Defendant failed to attend the hearing, and on 6 September 2017, a year-long domestic violence protective order (the second DVPO) was entered against defendant. Notice of the second DVPO was placed in the mail on 7 September 2017 and sent to defendant's known address, the Mecklenburg County Jail. Defendant was not residing at the jail when notice was mailed there.

On the morning of 7 September 2017, defendant went to Pasquarella's home. Pasquarella, on seeing defendant through the peephole, fled to a closet and called police. While on the phone, Pasquarella heard defendant break into her apartment. Defendant dragged Pasquarella through the apartment and threatened her with a knife. At this point, police officers entered the apartment and heard defendant exclaim "I'm going to kill you." Officers separated defendant from Pasquarella and restrained defendant.

The Mecklenburg County Grand Jury indicted defendant for violating a civil DVPO while in possession of a deadly weapon, felonious breaking or entering, assault with a deadly weapon, and assault on a female. The Grand Jury subsequently also indicted defendant for attaining the status of an habitual breaking and entering felon. At trial, at the close of the State's evidence and again at the close of all the evidence, defendant moved to dismiss the charges against him. In addition to general motions to dismiss, defendant specifically alleged that the State had failed to prove that defendant had knowledge of the second DVPO. The trial court denied these motions.

The jury returned verdicts finding defendant guilty of violating a protective order while in possession of a deadly weapon, felonious breaking or entering in violation of the second DVPO, assault with a deadly weapon, and assault on a female. Defendant pleaded guilty to the habitual felon charge. The trial court entered

findings in aggravation and mitigation, and found that the latter outweighed the former. The court then consolidated the felony charges of breaking and entering, violating a protective order with a deadly weapon, and habitual felon, and sentenced defendant to a minimum of 95 months and a maximum of 126 months in the custody of the North Carolina Department of Adult Correction. The court separately sentenced defendant to 60 days for assault with a deadly weapon, and 30 days for assault on a female, also to be served in the custody of the North Carolina Department of Adult Correction. These sentences were to run consecutively.

Defendant appeals.

## II. Motion to Dismiss

In his first argument, defendant contends that the trial court erred in denying his motions to dismiss. We agree.

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451,

455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

## B. Analysis

At trial, defendant moved to dismiss the charges against him, alleging, *inter alia*, that he had no notice of the second DVPO, and therefore that he could not be found to have willfully violated it. The trial court denied these motions, and on appeal, defendant contends that this was error. Defendant limits his argument to the charge of violating a domestic violence protective order while in possession of a deadly weapon, and accordingly, we will likewise limit our analysis.

Our General Statutes provide that "any person who, while in possession of a deadly weapon on or about his or her person or within close proximity to his or her person, knowingly violates a valid protective order . . . shall be guilty of a Class H felony." N.C. Gen. Stat. § 50B-4.1(g) (2019). The indictment on this charge specifically states, in relevant part, that defendant "did unlawfully, willfully, and feloniously violate a valid protective order . . . issued on September 6, 2017[.]"

However, defendant contends that there was no evidence that he knew of the second DVPO, and therefore no evidence that his violation thereof was knowing.

Our Supreme Court has held that knowledge may be proved "by circumstantial evidence from which an inference of knowledge might reasonably be drawn." *State v. Boone*, 310 N.C. 284, 295, 311 S.E.2d 552, 559 (1984), *superseded on other grounds*, *State v. Oates*, 366 N.C. 264, 267, 732 S.E.2d 571, 574 (2012). In support of its case, the State noted that, although defendant was not present for the hearing that resulted in the second DVPO and did not receive notice of the entry of the second DVPO, defendant did receive a summons and notice of the 6 September 2017 hearing. The summons provided that "[i]f you fail to answer the complaint, the plaintiff will apply to the Court for relief demanded in the complaint." The State also presented the testimony of officer James McCarty (Officer McCarty), who responded to Pasquarella's call. The State played a recording for the jury, taken from Officer McCarty's body camera. On the recording, as Officer McCarty pulled defendant and Pasquarella apart, Pasquarella commented, "That's why I got a court order," and defendant replied, "I know, I know." This evidence is somewhat tenuous, but the State nonetheless contends that, taken together, this evidence shows that (1) a hearing would be held on 6 September 2017 to determine whether Pasquarella was entitled to a protective order, (2) if defendant failed to attend that hearing, a

protective order would indeed be entered, and (3) by his comment "I know, I know," defendant was aware of the entry of the second DVPO.

Defendant argued at trial, and argues on appeal, that his statement, "I know, I know," could refer to the first DVPO, which expired on 6 September 2017, the day before he broke into Pasquarella's apartment. He further argues that although the summons provided that "plaintiff will apply to the Court for relief demanded in the complaint," there was no guarantee that the second DVPO would in fact be granted, or what its terms would entail. As such, defendant contends that any purported evidence of his knowledge of the second DVPO was insufficient.

Considering the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference, the evidence shows that defendant was aware of the first DVPO. The record demonstrates that a sheriff's deputy read the *ex parte* order to defendant while defendant was in jail, and "left the service copy with the defendant." This evidence supports a finding that defendant was aware of the terms of the first DVPO, including the requirement to stay away from Pasquarella. However, the State presented no evidence that defendant received notice or was otherwise aware of the second DVPO.

The State argued at trial that the second DVPO was a continuation of the first, and does so likewise on appeal. Indeed, this Court has held that, where a DVPO was continuously in effect for a period of time and a defendant made statements

suggesting his awareness thereof, the fact that the defendant may have failed to attend a hearing to renew it does not preclude a jury from inferring that the defendant possessed knowledge of the order. For example, in *State v. Hairston*, 227 N.C. App. 226, 741 S.E.2d 928 (2013) (unpublished), a DVPO had been entered and renewed twice, although the defendant argued that he was not present at the renewal hearing. The defendant, when confronted by an officer, made comments suggesting his awareness of a court order. This Court held that this evidence, taken in the light most favorable to the State, "constituted substantial circumstantial evidence from which the jury could infer that defendant knowingly violated the DVPO." *Id. Hairston* is not the only case of this nature. *See e.g. State v. Elder*, 206 N.C. App. 763, 699 S.E.2d 141 (2010) (unpublished) (DVPO had been continuously in place for several years, and evidence showed that defendant had been told an order was in place). However, it is worth noting that in both of these cases, this Court recognized that there was also evidence that each defendant was present for their respective renewal hearings.

These cases, however, are unpublished, and thus not binding upon this Court. And while it is true that defendant, in the instant case, received notice of the 6 September 2017 hearing, there is no evidence that he was aware that the second DVPO was issued as a result of that hearing prior to his conduct. Nor is there any

8

evidence, unlike in *Hairston* and *Elder*, that defendant was present for the renewal hearing.

The State also notes defendant's statement, while attacking Pasquarella, that he was aware of a court order. And while the State argues that defendant's statement could have been a reference to the second DVPO, this evidence is simply too tenuous to form a basis for a reasonable inference by the jury.

Because there was no direct evidence that defendant had knowledge, constructively or in fact, of the second DVPO, and because any circumstantial evidence of his knowledge was tenuous at best, we hold that the State failed to show knowledge of the DVPO, an essential element of the charge against him. We therefore hold that trial court erred in denying defendant's motion to dismiss.

### III. Jury Instructions

In his second argument, defendant contends that the trial court committed plain error in its instructions to the jury. We agree.

### A. Standard of Review

"In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R.

App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008).

The North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996).

"Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

B. Analysis

At trial, the trial court instructed the jury that it could find defendant guilty of felonious breaking or entering if it found that defendant did so in violation of the second DVPO. Defendant now contends that this instruction was in error. Because defendant did not object to this instruction at trial, we review this argument for plain error.

Defendant contends that the jury was instructed in the disjunctive, that defendant could be found guilty of felony breaking and entering either because he possessed the intent to violate the second DVPO while in possession of a deadly weapon, or because he possessed the intent to commit assault with a deadly weapon with intent to kill. He contends further that where a jury is instructed on alternative

theories of guilt, one of which is unsupported by the evidence, and it cannot be discerned from the record which theory or theories the jury relied on to reach its verdict, a defendant is entitled to a new trial.

However, it is patently obvious which theory the jury relied upon to arrive at its verdict. The jury, in its verdict sheet, specifically found defendant "guilty of felonious breaking or entering in violation of a valid domestic violence protective order issued September 6, 2017[.]" It is plain and unambiguous that the jury found defendant guilty on the basis of intent to violate the second DVPO.

As we held above, the State did not present sufficient evidence of defendant's knowledge of the second DVPO. Accordingly, it was error for the trial court to permit the jury to convict on that basis. It is clear that, had the trial court not instructed the jury that it could find defendant guilty based on knowing violation of the second DVPO, the jury would not have found him guilty on that basis. As the jury probably would have reached a different result, defendant has shown that this instruction constituted plain error. Accordingly, we must reverse defendant's conviction for felonious breaking or entering.

## IV. Conclusion

The trial court erred in denying defendant's motions to dismiss the charge of violation of a protective order while in possession of a deadly weapon, as the State failed to present sufficient evidence of defendant's knowledge of the second DVPO.

Additionally, the trial court committed plain error in instructing the jury that it could find defendant guilty of felonious breaking or entering on the basis of violation of a valid protective order. The remaining two charges, assault with a deadly weapon and assault on a female, are unaffected by these errors. We therefore reverse defendant's convictions for violation of a valid protective order while in possession of a deadly weapon and felonious breaking or entering. Because these charges formed the basis for defendant's habitual felon plea, we must vacate that plea.

REVERSED IN PART, VACATED IN PART.

Judge COLLINS concurs.

Judge MURPHY concurs in part and dissents in part in separate opinion.

No. COA19-715 – State v. Tucker

MURPHY, Judge, concurring in part, dissenting in part, and concurring in the judgment.

When the State presents only speculative evidence that a defendant knew of the existence of a protective order, a trial court commits error when it denies a motion to dismiss charges of knowingly violating that protective order. Additionally, a trial court commits plain error when it issues a disjunctive jury instruction that includes an alternative theory unsupported by the evidence, and the Record does not contain information allowing a reviewing court to discern which theory or theories the jury relied on in arriving at its verdict. While I disagree with the Majority's reliance on two unpublished opinions in its analysis, and would also sanction the State for misleading comments in its brief, I concur in part, including in the judgment.

## BACKGROUND

In the present case, the victim obtained a domestic violence protective order ("DVPO") on 28 August 2017, after an *ex parte* hearing in the District Court, and the Mecklenburg County Sheriff's Office served the 28 August 2017 order on Defendant at the Mecklenburg County jail. The *Notice of Hearing on Domestic Violence Protective Order* stated that

> the attached Ex Parte Order has been issued against you. If you violate the Order, you are subject to being held in contempt or being charged with the crime of violating this Ex Parte Order. A hearing will be held before a district court judge at the date, time and location indicated below. At that hearing it will be determined *whether* the Order will be continued.

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

(Emphasis added). The *Civil Summons Domestic Violence* form stated that "[i]f [Defendant] fail[s] to answer the complaint, the [P]laintiff will *apply* to the Court for the relief demanded in the complaint." (Emphasis added).

The 28 August 2017 DVPO expired on 6 September 2017, the same day an afternoon hearing was scheduled. Defendant did not appear at the 6 September 2017 hearing. Additionally, the 6 September 2017 order was a separate order from, and not a continuation of, the 28 August 2017 order. *See Hensey v. Hennessy*, 201 N.C. App 56, 66, 685 S.E.2d 541, 548 (2009) (holding that the "defendant [was] incorrect in his argument that the [one-year] DVPO [was] dependent upon a valid ex parte DVPO. The two orders are independent of one another, and in some situations, a DVPO . . . is entered properly even though an ex parte order may have been denied or was never requested").

The 6 September 2017 order was mailed to Defendant's last known address, the Mecklenburg County jail. The District Court entered the 6 September 2017 order in the afternoon, and, according to its daily "mailing process," the clerk's office did not mail the order until the next day, 7 September 2017. Regardless, Defendant no longer resided at the jail, and did not receive the mailed order.

Defendant went to the victim's apartment the morning of 7 September 2017. The victim testified that Defendant knocked on her door right after she awoke, while she "was getting ready for work." She called 911 at 8:18 a.m. and ran to her closet,

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

locking herself inside. Defendant broke the victim's living room window, climbed inside the apartment, and opened the door to the victim's closet. Defendant pulled the victim into the living room, produced a knife from his backpack, and threatened her.

When the responding officer arrived at the victim's apartment, he overheard the victim tell Defendant, "[t]hat's why I got *a* court order." (Emphasis added). Defendant responded to the victim's reference to *a* court order with "I know, I know." The observing officer did not know to which order Defendant or the victim referred.

At the close of the State's evidence, Defendant moved to dismiss charges because they required evidence beyond speculation that Defendant knew the 6 September 2017 DVPO existed. The trial court denied Defendant's motion to dismiss. Defendant renewed his motion to dismiss at the close of all evidence on the same ground. The trial court denied Defendant's renewed motion to dismiss.

Further, at trial, Defendant did not object to the trial court's disjunctive instruction that included the following theories for the jury to find Defendant guilty of felonious breaking or entering: (1) that Defendant possessed the intent to violate the 6 September 2017 DVPO while in possession of a deadly weapon, or (2) that Defendant possessed the intent to commit assault with a deadly weapon with intent to kill.

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

The jury found Defendant "guilty of felonious breaking or entering in violation of a valid domestic violence protective order issued [6] September [] 2017." The jury made no specific finding concerning whether Defendant intended to kill the victim at the time of the alleged felonious breaking or entering, or whether he knew of the existence of the 6 September 2017 DVPO.

## ANALYSIS

### A. Motion to Dismiss

**1. Standard of Review**

We review the "trial court's denial of [Defendant's] motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "[W]e must view the evidence in the light most favorable to the [S]tate and allow the [S]tate every *reasonable* inference that may arise upon the evidence, regardless of whether it is circumstantial, direct, or both." *State v. Cummings*, 46 N.C. App. 680, 683, 265 S.E.2d 923, 925, *aff'd*, 301 N.C. 374, 271 S.E.2d 277 (1980) (emphasis added). "Contradictions and discrepancies are for the jury to resolve[.]" *Cummings*, 46 N.C. App. at 683, 265 S.E.2d at 925.

> Although circumstantial evidence may be sufficient to prove a crime, pure speculation is not[.] . . . When the essential fact in controversy in the trial of a criminal action can be established only by an inference from other facts, there must be evidence tending to establish these facts. Evidence which leaves the facts from which the inference as to the essential fact must be made a matter of conjecture and speculation, is not sufficient, and should not be

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

submitted to the jury.

*State v. Angram*, 839 S.E.2d 865, 868 (N.C. Ct. App. 2020) (alterations and quotations omitted).  The trial court should grant a motion to dismiss when evidence "only . . . raise[s] a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of" the offense; such evidence is insufficient to survive a motion to dismiss.  *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002).

## 2.  Insufficient Evidence

A proper conviction for the offense of violating a DVPO while in possession of a deadly weapon requires the State to present sufficient evidence that the defendant "*knowingly* violate[d] a valid protective order[.]"  N.C.G.S. § 50B-4.1(g) (2019).  Only the knowing violation element is at issue in this case.

We have held that "'knowingly' . . . means that [the] defendant knew what he was about to do, and, with such knowledge, proceeded to do the act charged."  *State v. Williams*, 226 N.C. App. 393, 399, 741 S.E.2d 9, 14 (2013) (quoting *State v. Aguilar-Ocampo*, 219 N.C. App. 417, 428, 724 S.E.2d 117, 125 (2012)).  Knowledge can be inferred from circumstantial evidence, but the inference *must be reasonable.  State v. Bogle*, 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989); *see also State v. Boone*, 310 N.C. 284, 294-95, 311 S.E.2d 552, 559 (1984), *superseded by statute on other grounds as stated in State v. Oates*, 366 N.C. 264, 732 S.E.2d 571 (2012).

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

In this case, even in the light most favorable to it, the State did not provide evidence demonstrating that Defendant knew of the 6 September 2017 DVPO. Accepting that Defendant received notice that the 6 September 2017 *hearing* would occur, no evidence in the Record demonstrates Defendant knew the 6 September 2017 protective *order* existed. The *Notice of Hearing on Domestic Violence Protective Order* and *Civil Summons Domestic Violence* did not include language threatening Defendant with arrest if he did not appear at the 6 September 2017 hearing; in fact, the *Civil Summons Domestic Violence* did not even contain the date of the hearing. Further, the entrance of the 6 September 2017 DVPO was not a foregone conclusion, even if Defendant did not appear at the hearing. The clerk's office mailed a copy of the 6 September 2017 DVPO on 7 September 2017 to a place where Defendant no longer resided, the same morning Defendant arrived at the victim's apartment.

The Majority cites two unpublished opinions to advance its analysis regarding inferring knowledge to a defendant, but I do not find either to be persuasive. *State v. Hairston*, 227 N.C. App. 226, 741 S.E.2d 928 (2013) (unpublished); *State v. Elder*, 206 N.C. App. 763, 699 S.E.2d 141 (2010) (unpublished), *supra* at 9. *See generally* Hon. Donna S. Stroud, *The Bottom of the Iceberg: Unpublished Opinions*, 37 Campbell L. Rev. 333, 352-54, 356 (2015).

As per *Williams*, the State needed to present evidence of Defendant's knowledge of the 6 September 2017 DVPO's existence; without evidence of

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

Defendant's knowledge of such a fact, the State could not show a knowing violation. *Williams*, 226 N.C. App. at 399, 741 S.E.2d at 14. However, the State did not provide evidence of Defendant's knowledge of the 6 September 2017 DVPO beyond conjecture and speculation. As a result of the lack of actual evidence showing Defendant's knowledge of the 6 September 2017 DVPO, the only reasonable inference from Defendant saying "I know, I know" in response to the victim's reference to a DVPO's existence would be that it constituted further evidence of Defendant's knowledge of the then expired 28 August 2017 DVPO's existence. Without any evidence to the contrary, it is not reasonable to infer that Defendant knew what he was about to do, namely act in violation of the existing 6 September 2017 DVPO at issue; without such knowledge, he could not knowingly proceed to violate the DVPO. *Id.* at 399, 741 S.E.2d at 14. The lack of evidence of a knowing violation of the 6 September 2017 DVPO required the trial court to grant Defendant's motion to dismiss. The trial court's denial of Defendant's motion to dismiss must be reversed. However, that is not the end of our inquiry in this matter.

**B. Plain Error**

Defendant argues that the trial court's disjunctive instruction was plain error, because one of the theories of guilt—that Defendant possessed the intent to violate the 6 September 2017 DVPO while in possession of a deadly weapon—was

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

unsupported by the evidence, and the Record does "not indicate which theory the jury relied on[.]"

## 1. Standard of Review

"For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding" of the defendant's guilt. *State v. Lawrence,* 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (quotations omitted). We "apply the plain error standard of review to unpreserved instructional and evidentiary errors in criminal cases." *State v. Maddux*, 371 N.C. 558, 564, 819 S.E.2d 367, 371 (2018) (reaffirming the plain error standard from *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334); N.C. R. App. P. 10(a)(4). Plain error review is typically limited to "either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). One element of plain error is the alleged error "must seriously affect the fairness, integrity or public reputation of judicial proceedings." *State v. Thompson*, 254 N.C. App. 220, 224, 801 S.E.2d 689, 693 (2017) (internal citation omitted). "[P]lain error is to be applied cautiously and only in the exceptional case." *Maddux*, 371 N.C. at 564, 819 S.E.2d at 371 (quoting *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334). Although Defendant did not object to the trial court's disjunctive instruction at

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

trial, Defendant argues on appeal that the disjunctive instruction included a theory unsupported by the evidence and amounted to plain error. We review for plain error.

**2. Alternative Theory of Guilt**

A trial court's instruction containing alternative theories of guilt is plain error when one of the alternative theories "is not supported by the evidence . . . and . . . it cannot be discerned from the [R]ecord upon which theory or theories the jury relied in arriving at its verdict." *State v. Lynch*, 327 N.C. 210, 219, 393 S.E.2d 811, 816 (1990). A defendant is entitled to a new trial when such error occurs and has a "probable impact on the jury's verdict." *State v. Martinez*, 253 N.C. App. 574, 582, 801 S.E.2d 356, 361 (2017) (emphasis omitted).

In this case, the trial court's instruction to the jury was disjunctive and included one theory not supported by the evidence, namely the theory that Defendant "intended to commit the felony of violation of a domestic violence protective order entered on [6] September [] 2017, while in possession of a deadly weapon." Such a theory required the jury to find Defendant knowingly violated a domestic violence DVPO, specifically the 6 September 2017 DVPO, and the State presented insufficient evidence to support that theory. As discussed in Section A above, this was erroneous.

In addition to the erroneous instruction, the jury returned a guilty verdict that did not specify which theory it relied on in convicting Defendant. In examining the trial court's instruction to the jury, the trial court spent twice as long instructing the

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

jury concerning knowing violation of the 6 September 2017 DVPO (4 paragraphs), with multiple reiterations, as it did instructing the jury regarding assault with a deadly weapon with intent to kill (2 paragraphs). Further, the only applicable verdict sheet included in the Record contained "Guilty of Felonious Breaking or Entering in Violation of a Valid Domestic Violence Protective Order," but did not include any reference to the alternative theory of assault with a deadly weapon with intent to kill referenced by the trial court in its instructions. After examining the Record, and noting the error that allowed the jury to speculate concerning Defendant's knowledge of the 6 September 2017 DVPO, the trial court's disjunctive jury instruction containing one theory unsupported by the evidence was plain error.

### C. Sanctions Against the State

In an attempt to bolster its argument concerning Defendant's alleged knowledge of the 6 September 2017 DVPO, the State's brief incorrectly claims through a false reference to the Record that "the notice also indicated that if Defendant failed to appear that judgment *would be entered* for a Domestic Violence Protective Order ("DVPO") against Defendant as requested by [the victim]" and that the "'relief demanded by the complaint' *would be granted.*" (Emphasis added).

However, the documents accompanying the 28 August 2017 DVPO, and even the 28 August 2017 DVPO itself, did not include language of such certitude communicating that a second, 6 September 2017 DVPO would be entered if

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

Defendant did not attend the 6 September 2017 hearing. The *Civil Summons Domestic Violence* accompanying the 28 August 2017 DVPO included language regarding what Plaintiff would do in the event Defendant did not attend the hearing—"[i]f [Defendant] fail[s] to answer the complaint, the [P]laintiff will *apply* to the Court for the relief demanded in the complaint." (Emphasis added). The *Notice of Hearing on Domestic Violence Protective Order* included language describing the 28 August 2017 DVPO provisions, that a future hearing would occur, and what that future hearing would decide—

> The attached Ex Parte Order has been issued against you. If you violate the Order, you are subject to being held in contempt or being charged with the crime of violating this Ex Parte Order. A hearing will be held before a district court judge at the date, time and location indicated below. At that hearing it will be determined *whether* the Order will be continued.

(Emphasis added). Even the *Notice to Parties* at the bottom of the 28 August 2017 DVPO only included information regarding weapon possession, storage, and return to Defendant, as well as provisions for what Plaintiff could do with the DVPO—make copies; could not change the terms of the DVPO, as only the trial court could change the terms; and contact law enforcement and the Clerk of Court if Defendant violated the DVPO.

The comments quoted above from the State's brief are misleading, and I would sanction the State by imposing triple costs. N.C. R. App. P. 34(a)(3) (2020).

*MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.*

## **CONCLUSION**

The trial court erred when it denied Defendant's motion to dismiss all charges related to the violation of a valid domestic violence protective order issued 6 September 2017. The trial court committed plain error when it gave the disjunctive jury instruction that included a theory of guilt predicated on Defendant's knowledge of the 6 September 2017 DVPO, which was not supported by the evidence. I concur in part, and in the judgment, but would sanction the State for misleading comments in its brief, and would not rely on or bother to distinguish the two unpublished and nonbinding opinions cited by the Majority.