N. H. GODWIN et al. v. HINTON MONDS et al.

*Jurisdiction—Assignment of Error—Appeal—Motion to Vacate Judgment.*

1. A Judge of the Superior Court has no jurisdiction to hear and determine actions or interlocutory motions and orders therein without the county in which such actions may be pending, unless by the consent of the parties thereto. ·

2. The consent necessary to give jurisdiction to hear in a county other than that in which the action is pending must affirmatively appear in the record; and if it does not, the error may be assigned in the Supreme Court.

This is a MOTION to vacate a judgment rendered in an action pending in CUMBERLAND Superior Court, heard before *Shepherd, J.*, in Chambers at Wadesboro, in the county of Anson, on October 4th, 1888.

GODWIN *v.* MONDS.

In this action the plaintiffs obtained a judgment for the want of an answer; the defendants moved, upon affidavits, before a Judge at Chambers to set that judgment aside, &c., because of their " mistake, inadvertence, surprise, or excusable negligence." Thereupon the Judge made an order—

" That the Clerk of the Superior. Court of Cumberland County issue notice to. the plaintiffs to show cause at Chambers at Wadesboro, on September 7th, 1888, why the execution and writ of possession issued in this cause, and now in the hands of the Sheriff of Harnett County, should not be set aside, and why the judgment in this cause shall not also be set aside and the case re-opened to be tried upon its merits."

Afterwards, at Wadesboro, in the county of .Anson, the Court heard the motion upon the merits, and made an order setting the judgment complained of aside, whereupon the plaintiffs appealed.

*Mr. F. P. Jones,* for the plaintiffs.
*Mr. R. P. Buxton,* (and *Mr. H. McD. Robinson* filed a brief) for the defendants.

MERRIMON, J. There is no statutory provision that confers upon a Judge authority to hear and determine upon its merits a motion to set aside a .judgment in an action pending in the Superior Court elsewhere than in the County in whose Court the action is pending, and this cannot be done in the ordinary course of procedure. *McNeill* v. *Hodges,* 99 N. C., 248.

The parties to the action might, by *common consent,* allow it to be done; but such consent should certainly appear in a writing signed by the parties or their counsel, or the Judge should recite the fact of consent in the order or judgment he directs to be entered of record—which is the better way; or such consent should appear by fair implication from what

appears in the record. This is necessary, because, without such consent appearing, the Court would have no authority to hear and determine the motion and grant the judgment. The consent is essential to the valid exercise of the authority, and it must appear to have been given. *Bynum* v. *Powe,* 97 N. C., 374; *Gatewood* v. *Leak,* 99 N. C., 363.

In does not appear in this case that the plaintiffs gave such consent in a writing signed by them or by their counsel, nor is the fact of such consent recited in the judgment by the Court, nor does it appear that the plaintiffs or their counsel were present at the hearing of the motion, and did not object, thereby implying such consent.

It was contended on the argument that the plaintiffs did not except, and assign as error, that the Judge heard the motion and gave judgment in the county of Anson. That is so; but it does not appear upon the face of the record in some way, as it should do, that the Court had authority to give the judgment, and therefore the objection might be taken here, in the absence of any formal exception or assignment of error. Generally, the Court could not exercise such authority—it could do so only by consent of the parties, and therefore the consent must appear in the record. *Bynum* v. *Powe, supra,* and the cases there cited.

So much of the order as sets aside the judgment must be reversed, and the motion heard and disposed of according to law.

Error.