CAPITAL OUTDOOR ADVERTISING, INC., CAROLINA POSTERS CORPORA-
TION, HARRIS SIGNS, INC., HOGAN OUTDOOR OF RALEIGH, INC., AND
WHITECO INDUSTRIES, INC., T/A WHITECO METROCOM, INC. v. THE
CITY OF RALEIGH, A NORTH CAROLINA MUNICIPAL CORPORATION

No. 9210SC180

(Filed 16 March 1993)

**Judgments § 44 (NCI4th)— 12(b)(6) dismissal—signed out of
session—stipulation of consent in record on appeal—not
sufficient**

A dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) was null
and void where the motion to dismiss was heard at the 28
October 1991 session of civil superior court in Wake County;
the trial court did not render a decision on the motion until
4 November 1991, the date on which the trial judge signed
the order of dismissal and the date on which the order was
filed with the clerk of superior court; the 28 October session
was adjourned on 1 November; the same judge was assigned
to hold the 4 November session in Wake County, a single-
county district; and the record in the trial court reveals nothing
to indicate that the trial judge extended the 28 October session
pursuant to N.C.G.S. § 15-167 or that the parties or their
attorneys consented to entry of the order in a session of court
other than the session in which the motion was heard. Although
there was a stipulation in the record on appeal, filed three
months after the entry of the order, stating that the "trial
court had jurisdiction over the parties and of the subject mat-
ter," a valid consent must affirmatively appear in the record
of the trial court. Moreover, the broad stipulation in the record
on appeal does not specifically address the issue of the trial
court's authority to enter the order out of session.

**Am Jur 2d, Judgments § 60.**

Judge JOHNSON concurs in the result.

Appeal by plaintiffs from order entered 4 November 1991 in
Wake County Superior Court by Judge Henry W. Hight, Jr. Heard
in the Court of Appeals 2 February 1993.

CAPITAL OUTDOOR ADVERTISING v. CITY OF RALEIGH

[109 N.C. App. 399 (1993)]

*Hafer, Day & Wilson, P.A., by Betty S. Waller, and Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Albert L. Sneed, Jr., for plaintiff-appellants.*

*City Attorney Thomas A. McCormick, by Deputy City Attorney Ira J. Botvinick, for defendant-appellee.*

GREENE, Judge.

Plaintiffs appeal from the entry of an order dismissing, pursuant to Rule 12(b)(6), their complaint. The motion to dismiss was heard at the 28 October 1991 session of civil superior court in Wake County, specifically on 29 October 1991. The trial court did not render a decision on the motion until 4 November 1991, the date on which the trial judge signed the order of dismissal. The order was filed on 4 November 1991 with the clerk of the superior court.

---

The dispositive issue is whether the trial court had jurisdiction to enter the order dismissing plaintiffs' action.

Plaintiffs argue that the trial court was without jurisdiction to enter the order and that the order must be vacated. We agree.

The general rule, consistently applied in both criminal and civil cases, is that, except by agreement of the parties, an order of the superior court must be entered "during the term, during the session, in the county and in the judicial district where the hearing was held." *State v. Boone*, 310 N.C. 284, 287, 311 S.E.2d 552, 555 (1984).[1] It "is well settled that such practice is not inconsistent with the constitution and statutes of the state." *Shackelford v. Miller*, 91 N.C. 181, 185 (1884). An order entered inconsistent

---

1. The words "session" of court and "term" of court are often used interchangeably. *Black's Law Dictionary* 1318 (5th ed. 1979). "When used with reference to a court, ['term'] signifies the space of time during which the court holds a session." *Id.* "A *session* signifies the time during the term when the court sits for the transaction of business . . . ." *Id.* Although 1962 amendments to the North Carolina Constitution changed the word "term" to "session" when referring to the period of time during which superior court judges are assigned to court, *see* N.C. Const. art. IV, § 9(2); 1 Dickson Phillips, *McIntosh North Carolina Practice and Procedure* § 107 (2d ed. Supp. 1970), the continued use of both "term" and "session" is proper. *See, e.g., Boone*, 310 N.C. at 287, 311 S.E.2d at 555. The use of "term" refers to the typical six-month assignment of superior court judges, and "session" to the typical one-week assignments within the term.

CAPITAL OUTDOOR ADVERTISING v. CITY OF RALEIGH

[109 N.C. App. 399 (1993)]

with this rule is "null and void and of no legal effect." *Boone*, 310 N.C. at 287, 311 S.E.2d at 555. The consent to entry of an order outside the term, session, county, or district, to be valid, must appear "in a writing signed by the parties or their counsel, or the judge should recite the fact of consent in the order or judgment he directs to be entered of record—which is the better way; or such consent should appear by fair implication from what appears in the record." *Godwin v. Monds*, 101 N.C. 354, 355, 7 S.E. 793, 794 (1888). Failure to object to the entry of an order out of the session does not, however, constitute consent. *See Boone*, 310 N.C. at 288, 311 S.E.2d at 555-56. Likewise, preparation of a proposed order for the trial judge to sign out of the session cannot infer consent. *Turner v. Hatchett*, 104 N.C. App. 487, 490, 409 S.E.2d 747, 749 (1991).

Taking judicial notice of the assignment of trial judges to hold court, *Baker v. Varser*, 239 N.C. 180, 186, 79 S.E.2d 757, 761-62 (1954), we notice the following: During the fall term of 1991 (1 July 1991 to 1 January 1992), Judge Henry W. Hight, Jr., was assigned to the 10th Judicial District (a single-county district consisting of Wake County); he was assigned to hold the 28 October 1991 session of Wake County Superior Court, a one-week session; this session of superior court was adjourned by Judge Hight on 1 November 1991; and Judge Hight was assigned to hold the 4 November 1991 session of Wake County Superior Court, a one-week session. Our review of the record of this proceeding in the trial court reveals nothing to indicate that Judge Hight extended the 28 October 1991 session pursuant to N.C.G.S. § 15-167, or that the parties or their attorneys consented to entry of the order of dismissal in a session of court other than the session in which the motion was heard. This lack of consent was not cured, contrary to defendant's contention, by a stipulation in the record on appeal, filed in this Court some three months after the entry of the order, stating that the "trial court had jurisdiction over the parties and of the subject matter." The consent, to be valid, must affirmatively appear in the record of the trial court and it does not in this case. In any event, we do not read the broad stipulation in the record on appeal as specifically addressing the issue of the trial court's authority to enter the order out of session. Therefore, because the order of dismissal was not entered during the 28 October 1991 session of Wake County Superior Court, the session in which the

motion was heard, and because the parties did not consent to the entry of the order outside that session, the order is null and void.

The situation faced by Judge Hight is not uncommon among the trial judges of this state, both superior court and district court. The complicated nature of issues presented to the trial court often requires time for consideration that extends beyond the assigned session. Furthermore, judgments and orders, prepared by attorneys, often are not received by the trial judge until after the adjournment of the session in which the matter was heard, thus preventing, in some instances, entry of the order or judgment during that session. *See Cobb v. Rocky Mount Bd. of Educ.*, 102 N.C. App. 681, 683, 403 S.E.2d 538, 540 (1991), *aff'd*, 331 N.C. 280, 415 S.E.2d 554 (1992) (entry of judgment occurs, in some instances, when judgment rendered in open court and later reduced to writing and signed). Of course, the trial court can always request that the parties consent to the entry of orders and judgments outside the term, outside the session, outside the district, or outside the county. However, even assuming that the parties would consent, this appears to be a problem that deserves legislative inquiry. For now, our trial judges are faced with a very strict rule which, for the most part, does not seem to serve any useful purpose and in fact often interferes with the proper administration of justice, as in this case.

The order of the trial court dismissing the complaint is

Vacated.

Judge MARTIN concurs.

Judge JOHNSON concurs in the result.