SMITH v. GUPTON

[110 N.C. App. 482 (1993)]

---

ARCHIE MALONE SMITH v. HARRIS B. GUPTON, AND GUPTON ENTERPRISES, INC.

No. 9221SC528

(Filed 1 June 1993)

**Judgments § 44 (NCI4th) — judgment — signed out of district and out of term — agreement of parties — evidence introduced at hearing after judgment entered — conduct of counsel — evidence not sufficient**

The trial court erred by denying plaintiff's motion under N.C.G.S. § 1A-1, Rule 60(b)(4) and (6) to set aside a judgment on the grounds that it was signed out of term and out of district where consent does not appear in a writing signed by the parties or their counsel, the fact of consent is not recited in the judgment, the only evidence indicating that the parties consented to entry of the judgment outside the session and district is an affidavit from the trial judge, and it is apparent that the judge deciding the motion determined that plaintiff's attorney's actions in drafting the judgment as directed and not questioning the court's authority to enter the judgment constituted consent. The affidavit cannot support a finding of consent because the judgment had already been entered when the affidavit was introduced and contrary to the court's findings, neither plaintiff's attorney's failure to question whether the trial judge had the authority to enter the judgment nor his drafting of the judgment constitute consent.

**Am Jur 2d, Judgments §§ 58 et seq.**

SMITH v. GUPTON

[110 N.C. App. 482 (1993)]

Appeal by plaintiff from order entered 24 March 1992 in Forsyth County Superior Court by Judge F. Fetzer Mills. Heard in the Court of Appeals 27 April 1993.

*White and Crumpler, by Clyde C. Randolph, Jr., and Dudley A. Witt, for plaintiff-appellant.*

*David B. Hough for defendant-appellees.*

GREENE, Judge.

Plaintiff appeals from an order entered 24 March 1992, denying plaintiff's motion to set aside a prior judgment.

The record reveals that on 8 March 1988, plaintiff filed a complaint against defendants in Forsyth County Superior Court seeking damages for breach of a partnership agreement, an accounting of all partnership affairs, and injunctive relief. Defendants answered, denying the material allegations of the complaint and asserting counterclaims against plaintiff. A six-day bench trial ensued which ended on 14 May 1990, at which time the presiding superior court judge, the Honorable James M. Long, took the matter under advisement. Judge Long filed a judgment on 25 April 1991, and on the same day mailed a copy of the judgment to Steven Smith, the attorney for plaintiff, with a letter explaining a portion of the judgment.

On 28 October 1991, plaintiff made a motion pursuant to North Carolina Rule of Civil Procedure 60(b)(4) and (6) for an order setting aside the 25 April 1991 judgment and declaring the judgment null and void on the grounds that it was signed out of session and was not entered in accordance with Rule 58. Defendants responded to plaintiff's motion, denying that the judgment was void and attaching an affidavit signed by Judge Long which stated that "[a]ll of the parties, through their counsel, consented to my being able to render and enter a Judgment in this case both out of term and out of the Twenty-First Judicial District, if necessary." The affidavit also stated that Judge Long had reviewed his trial notes and determined that he made a written notation that the parties had stipulated and agreed to entry of judgment both out of term and out of district, if necessary. Plaintiff's motion was heard before the Honorable F. Fetzer Mills at the 2 December 1991 civil session of Forsyth County Superior Court.

On 24 March 1992, Judge Mills entered an order denying plaintiff's Rule 60 motion. In his order, Judge Mills made the following pertinent findings of fact:

> 4. The parties, through their counsel, consented to the trial Court's being able to render, sign and enter a Judgment in this case both out of term and out of the Twenty-First Judicial District, if necessary.
>
> 5. The Honorable James M. Long made a hand written notation in his trial notes that the parties had stipulated and agreed that the Court would be able to render and enter a Judgment in this case both out of term and out of the Twenty-First Judicial District, if necessary.
>
> 6. The Court [met with and] instructed [plaintiff's attorney] to draft a final Judgment in the action. During the said meeting, [plaintiff's attorney] never questioned whether or not the Court had the authority to enter such a Judgment out of term and out of district. [Plaintiff's attorney] never broached the subject with the Court.
>
> . . . .
>
> 13. Although [plaintiff's attorney] testified before this Court that he could not recall whether or not the parties hereto had consented to permit the trial Court to render and enter a Judgment in this case both out of term and out of the Twenty-First Judicial District, [plaintiff's attorney's] actions in this case indicate that such a consent had been entered into by the parties hereto. These actions include [plaintiff's attorney's] meeting with Judge Long in June of 1990, his drafting a proposed final Judgment, and his various conferences with [defendants' attorney] to discuss the contents of the said proposed Judgment.

Judge Mills concluded that the judgment was properly entered on 25 April 1991, both out of term and out of district, "with the full consent of the parties," and therefore is not void. From this order, plaintiff appeals.

---

The dispositive issue is whether the evidence in the record supports Judge Mills' findings that the judgment at issue was entered out of session and out of district with the consent of the parties.

**SMITH v. GUPTON**

[110 N.C. App. 482 (1993)]

This Court recently reiterated the long-standing rule that "except by agreement of the parties, an order of the superior court must be entered 'during the term, during the session, in the county and in the judicial district where the hearing was held.'" *Capital Outdoor Advertising, Inc. v. City of Raleigh*, 109 N.C. App. 399, 400, 427 S.E.2d 154, 155 (1993) (quoting *State v. Boone*, 310 N.C. 284, 287, 311 S.E.2d 552, 555 (1984)). Orders not entered in compliance with this rule are void. *Id.*

> The consent to entry of an order outside the term, session, county, or district, to be valid, must appear "in a writing signed by the parties or their counsel, or the judge should recite the fact of consent in the order or judgment he directs to be entered of record—which is the better way; or such consent should appear by fair implication from what appears in the record." Failure to object to the entry of an order out of session does not, however, constitute consent. Likewise, preparation of a proposed order for the trial judge to sign out of the session cannot infer consent.

*Id.* at 401, 427 S.E.2d at 155 (citations omitted).

It is undisputed in the instant case that the judgment was signed out of session and out of district.[1] It is also undisputed that consent for entry of the judgment outside the session and district does not appear in a writing signed by the parties or their counsel, nor is the fact of consent recited in the judgment at issue. Moreover, consent does not appear by fair implication from what appears in the record, "the record" being limited to those events of record which occurred up to the point at which the judgment was entered. The only evidence indicating that the parties consented to entry of the judgment outside the session and district is Judge Long's affidavit. However, this affidavit was offered by defendants in opposition to plaintiff's Rule 60 motion to set aside the judgment. Because the judgment had already been entered when the affidavit was introduced, the affidavit cannot support a finding of consent by the parties to entry of the judgment out of session and out of district.

It is apparent from a review of Judge Mills' findings of fact that Judge Mills determined that plaintiff's attorney's actions con-

---

1. Because our resolution of the issue presented makes it unnecessary to address plaintiff's contention that the judgment was not entered in accordance with Rule 58, we assume without deciding that the judgment was properly entered.

stituted consent to entry of the judgment out of session and out of district. However, contrary to the trial court's findings, neither plaintiff's attorney's failure to "question[ ] whether or not [Judge Long] had the authority to enter" the judgment out of session and out of district, nor his drafting of the proposed final judgment for Judge Long to sign out of session and out of district, constitute consent. *See Capital Outdoor Advertising*, 109 N.C. App. at 401, 427 S.E.2d at 155. Accordingly, the 25 April 1991 judgment was entered out of session and out of district without the consent of the parties and is therefore void. The trial court erred in refusing to grant plaintiff's motion to set the judgment aside on this basis.

Reversed and remanded for entry of an appropriate judgment allowing plaintiff's motion to set the judgment aside.

Judges WELLS and WYNN concur.