**NATIONWIDE MUTUAL INS. CO. v. ANDERSON**

[111 N.C. App. 248 (1993)]

NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff v. QUEEN ANN ANDERSON, Administratrix of the Estate of KEVIN ANDERSON, DAVID WILEY, WAYNE ENOCH, and KIM WILEY, Defendants

No. 9115SC965

(Filed 20 July 1993)

**1. Evidence and Witnesses § 22 (NCI4th)— judicial notice — superior court assignments**

The Court of Appeals may take judicial notice of superior court assignments.

**Am Jur 2d, Evidence §§ 52, 61.**

**2. Judgments § 40 (NCI4th)— order entered out of session — lack of consent of parties**

A summary judgment order signed by the trial judge after his commission to hold court in the county expired was void where the record reveals no consent by the parties to entry of the order out of session or any other facts giving rise to a fair implication of such consent.

**Am Jur 2d, Judgments §§ 58 et seq.**

Appeal by defendants from judgment signed 2 July 1991 and filed 5 July 1991 by Judge Orlando F. Hudson in Alamance County Superior Court. Heard in the Court of Appeals 13 October 1992.

*Reynolds, Bryant, Patterson & Covington, P.A., by Lee A. Patterson, II, for plaintiff-appellee.*

*Harris & Iorio, by Douglas S. Harris, for defendant-appellant.*

ORR, Judge.

Defendants appeal from an order granting summary judgment, pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, in favor of plaintiff Nationwide Insurance Company. The motion was heard on 3 June 1991. The court rendered its decision on 2 July 1991, finding that the plaintiff was entitled to judgment as a matter of law. The order was filed with the clerk on 5 July 1991. Defendant argues on appeal that Judge Hudson lacked jurisdiction in Alamance County on the date the order was entered. We agree and therefore do not reach the merits of defendant's other assignments of error.

NATIONWIDE MUTUAL INS. CO. v. ANDERSON

[111 N.C. App. 248 (1993)]

This case arose out of a wrongful death action against Wayne Enoch alleging negligence in his handling of a gun which resulted in the death of seventeen year-old Kevin Anderson. The complaint was filed on 21 April 1989 by Queen Ann Anderson, Administratrix of the Estate of Kevin Anderson. The uncontroverted facts are that on 5 July 1988, Wayne Enoch, Kim Wiley and Kevin Anderson were guests in the home of David Wiley. Wayne Enoch, while in the course of handling a loaded shotgun, inadvertently bumped it against the doorjamb. The gun discharged into Kevin Anderson, mortally wounding him.

On 4 December 1990, Nationwide Mutual Insurance Company filed a declaratory action in which they conceded that Wayne Enoch was residing in the home of John W. Gwynn, Jr., and that their homeowner's policy on Mr. Gwynn's home covered "other persons under the age of twenty-one and in the care of any person named above" but maintained that although Mr. Enoch was under the age of twenty-one that he was, nevertheless, not legally within the definition of "in the care of any person named above."

Arguments for and against the summary judgment motion were heard on 3 June 1991. The trial court made no ruling in the case that day. On 4 June 1991, counsel for the plaintiff submitted a letter to the trial court, with attachments entitled "Facts Helping to Establish That Enoch Was Not Covered Under the Homeowner's Policy." On 5 July 1991, the trial court entered judgment against the defendants, Queen Ann Anderson, Administratrix of the Estate of Kevin Anderson, David Wiley, Wayne Enoch and Kim Wiley, jointly and severally.

The recent decision by this Court in *Capital Outdoor Advertising v. City of Raleigh*, 109 N.C. App. 399, 427 S.E.2d 154 (1993), is dispositive in this case. "[E]xcept by agreement of the parties, an order of the superior court must be entered 'during the term, during the session, in the county and in the judicial district where the hearing was held.'" *Id.* at 400, 427 S.E.2d at 155, *quoting State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984). An order entered inconsistent with this rule is null and void. *Id.* at 401, 427 S.E.2d at 155. "The consent to entry of an order must [be] 'in a writing signed by [both] parties or their counsel, or [alternatively that] the judge should recite the . . . consent in the order or judgment . . .; or such consent should appear by fair implication from what appears in the record.'" *Id.*, *quoting Godwin v. Monds*,

101 N.C. 354, 7 S.E. 793 (1888). Failure to object to the entry of an order does not constitute consent. *Id.* Consequently, in order for a trial court to render a judgment or order "out of county, out of term", he must have either the express consent of the parties, or he must have recorded the fact of consent for the record, or there must be a clear indication in the record.

This general rule in North Carolina, applied in both civil and criminal cases, is simply that

> [J]udgments and orders substantially affecting the rights of parties to a cause pending in the Superior Court at a term must be made in the county and at the term when and where the question is presented, and our decisions on the subject are to the effect that, except by agreement of the parties or by reason of some express provision of law, they cannot be entered otherwise, and assuredly not in another district and without notice to the parties interested.

*Boone,* at 287, 311 S.E.2d at 555 (*quoting State v. Humphrey,* 186 N.C. 533, 535, 120 S.E. 85, 87 (1923) ). While as this Court points out in *Capital City Advertising, supra,* this may be "a very strict rule, which for the most part, does not seem to serve any useful purpose and in fact often interferes with the proper administration of justice . . .", this is an area for the General Assembly to determine, not the courts.

[1, 2]  In applying the aforementioned rules to the current case, we first note that we may take judicial notice of the superior court assignments. *Baker v. Varser,* 239 N.C. 180, 79 S.E.2d 757 (1954). We therefore note that Judge Hudson held a commission to hold the courts of the Fifteen-A District, covering Alamance County, for the term ending 30 June 1991. As of 1 July 1991, Judge Hudson had no jurisdiction over pending matters in Alamance County without the consent of the parties. The superior court judge had no power to make an order and such an order was "a nullity and should be stricken from the record." *State v. Alphin,* 81 N.C. 566 (1879). The record reveals no consent in the present action, nor any other facts giving rise to a "fair implication" of such consent. The motion to amend, referenced in appellee's brief, does not appear in the record on appeal, and in any event is not enough from which to imply some sort of consent or stipulation. The July 5 order does not reference any consent between the parties, nor is there any separate stipulation by the parties in the record. The

STATE ex rel. UTILITIES COMM. v. PUBLIC STAFF

[111 N.C. App. 251 (1993)]

order, therefore, was completely null and void and of no legal effect. As we have stated, an order of the superior court must be entered during the term, during the session, in the county, and in the judicial district where the hearing was held. *Boone*, 310 N.C. at 287, 311 S.E.2d at· 556. Since the order in the case at bar did not meet these requisites, the order of the court granting summary judgment is vacated and the case remanded for a determination during a duly designated term of court.

As indicated above, we do not reach the petitioner's remaining assignments of error.

Vacated and Remanded.

Judges EAGLES and JOHN concur.