BUFORD v. GENERAL MOTORS CORP.

[112 N.C. App. 437 (1993)]

IV.

———————

JOHN L. BUFORD AND BETTY TATE BUFORD v. GENERAL MOTORS CORPORATION

No. 9221SC946

(Filed 2 November 1993)

1. **Automobiles and Other Vehicles § 259 (NCI4th) — New Motor Vehicles Warranty Act — finding of unreasonable noncompliance — question for jury**

    Construing N.C.G.S. § 20-351.8(2) as a composite whole and giving the word "finding" its common and ordinary meaning, whether a manufacturer unreasonably refused to comply with N.C.G.S. § 20-351.2 or N.C.G.S. § 20-351.3 is a question for the jury when there is substantial evidence to support the claim.

    **Am Jur 2d, Automobiles and Highway Traffic § 721 et seq.**

2. **Automobiles and Other Vehicles § 259 (NCI4th) — New Motor Vehicles Warranty Act — unreasonable refusal to comply with Act — evidence sufficient for jury**

The trial court erred in directing a verdict for defendant on the issue of unreasonable noncompliance with the New Motor Vehicles Warranty Act where plaintiffs presented evidence that they had taken a Suburban in for repairs on over 30 occasions for a myriad of problems; the Suburban was out of service for repairs for over 40 days during the first year of ownership; plaintiffs communicated their complaints to the service manager at Parks Chevrolet, Mr. Parks, General Motors Corporation, and the Chevrolet Customer Assistance Division; and General Motors never offered to replace the vehicle or refund their money as required by N.C.G.S. § 20-351.3.

**Am Jur 2d, Automobiles and Highway Traffic § 721 et seq.**

3. **Automobiles and Other Vehicles § 259 (NCI4th) — New Motor Vehicles Warranty Act — unreasonable noncompliance — attorney's fees**

A trial court's order denying plaintiffs' request for attorney's fees in an action under the New Motor Vehicles Warranty Act was remanded where the determination of unreasonable noncompliance for purposes of trebling damages was also remanded for a jury determination. However, the trial judge, not the jury, makes the finding of unreasonableness required by N.C.G.S. § 20-351.8(3) for purposes of awarding attorney's fees, and the court may award attorney's fees in its discretion after making such a finding.

**Am Jur 2d, Automobiles and Highway Traffic § 721 et seq.**

4. **Automobiles and Other Vehicles § 259 (NCI4th) — New Motor Vehicles Warranty Act — jury award — court-added requirement of return of vehicle — error**

The trial court erred in an action under the New Motor Vehicles Warranty Act by ordering that plaintiff return the vehicle after the jury awarded a monetary verdict. The jury charge and the verdict form were both silent on this matter, so that the jury was free to assume that plaintiffs would retain ownership of the vehicle at the end of the litigation and the provision added by the court improperly changed the substance

of the jury's verdict. Because the Warranty Act neither requires nor prohibits return of the defective vehicle to the manufacturer, the ownership must remain with the plaintiff in the absence of instructions to the jury regarding ownership of the vehicle if the manufacturer is found to have violated the Warranty Act.

**Am Jur 2d, Automobiles and Highway Traffic § 721 et seq.**

5. **Judgments § 38 (NCI4th)— New Motor Vehicles Warranty Act—supplemental judgment out of session—vacated**

A supplemental judgment in an action under the New Motor Vehicles Warranty Act was vacated where the case was tried during the 30 March 1992 session; judgment was entered within the session; the trial judge entered the supplemental judgment on 11 May 1992; there is no evidence in the record that the session of court which began on 30 March was extended by the trial judge pursuant to N.C.G.S. § 15-167; and there is no evidence in the record that the parties consented to entry of the supplemental judgment beyond the 30 March session.

**Am Jur 2d, Judgments § 60.**

Appeal by plaintiffs from judgment entered 6 April 1992 and order and supplemental judgment entered 11 May 1992 in Forsyth County Superior Court by Judge Lester P. Martin, Jr. Heard in the Court of Appeals 8 September 1993.

*Moore and Brown, by B. Ervin Brown, II, David B. Puryear, Jr., and R. J. Lingle, for plaintiff-appellants.*

*Petree Stockton, by Richard J. Keshian and Julia C. Archer, for defendant-appellee.*

GREENE, Judge.

John and Betty Buford (plaintiffs), appeal from a portion of a judgment entered in their favor in the amount of $20,766.00 in their action against General Motors Corporation (General Motors) under the New Motor Vehicles Warranty Act (the Warranty Act), N.C. Gen. Stat. §§ 20-351 through 20-351.10. Plaintiffs also appeal the denial of their motion for attorney's fees and the entry of a supplemental judgment.

BUFORD v. GENERAL MOTORS CORP.

[112 N.C. App. 437 (1993)]

On 24 February 1989, plaintiffs purchased a 1989 Chevrolet Suburban from Parks Chevrolet, Inc. (Parks Chevrolet), an authorized dealer of General Motors automobiles, at a price of $23,066.00. The plaintiffs financed $16,000.00 of the purchase price. The Suburban was covered by a five-year, 50,000 mile warranty.

Plaintiffs first returned the vehicle to Parks Chevrolet for repairs on 2 March 1989. Over the course of the next three years, plaintiffs returned the vehicle to Parks Chevrolet or a Pennsylvania Chevrolet dealership for repairs on at least 31 different occasions. The primary problems were the continuous shaking and vibration of the doors, windows, and body panels, excessive brake wear, wind passing through the doors and windows, and vents which blew air the wrong way. Some of these problems were repaired after several attempts while others have never been repaired. Plaintiffs, because of the numerous repair attempts, were without the use of the vehicle for in excess of 40 days during the first year of ownership.

After complaining to Parks Chevrolet's service manager about the problems with his new vehicle, Mr. Buford met with the owner of Parks Chevrolet, Mr. Richard C. Parks (Mr. Parks), in March or April of 1989. Mr. Buford testified that Mr. Parks told him he could live with the problem, trade in the vehicle and take the loss, go to arbitration, or go to court. Mr. Buford further testified that Mr. Parks did not offer to replace the Suburban or to refund plaintiffs' money.

Plaintiffs contacted an attorney, who on 10 November 1989, wrote to Parks Chevrolet restating plaintiffs' complaints and stating that the vehicle was within the Warranty Act. This letter received no response, and plaintiffs' attorney's attempts to speak with Chevrolet's Customer Assistance Division and General Motors Corporation were unsuccessful. On 20 February 1990, plaintiffs' attorney wrote to both the Customer Assistance Division and General Motors stating plaintiffs' intent to file suit if the matter were not resolved. In response, General Motors arranged to have the vehicle inspected. Plaintiffs received a copy of the inspection sheet which showed that certain adjustments had been made in an attempt to fix some of the problems, while other complained-of problems could not be duplicated. At no time did General Motors offer to replace the vehicle or refund plaintiffs' money. Plaintiffs filed suit in Forsyth County Superior Court on 13 March 1991 alleging

**BUFORD v. GENERAL MOTORS CORP.**

[112 N.C. App. 437 (1993)]

that General Motors had unreasonably refused to comply with the Warranty Act and was therefore liable to plaintiffs.

The case was tried during the 30 March 1992 session of Forsyth County Superior Court. At the close of all the evidence, General Motors moved for, and the trial court granted, a directed verdict on the issue of its unreasonable compliance with the Warranty Act. The jury returned a verdict for plaintiffs in the amount of $20,766.00 and the trial court entered judgment for that amount, but conditioned plaintiffs' award of damages on the return of the vehicle to General Motors. Plaintiffs filed a motion, which the trial court denied, asking that they be awarded attorney's fees pursuant to N.C. Gen. Stat. § 20-351.8(3).

On 4 May 1992, plaintiffs filed notice of appeal from the portion of the judgment which required return of the vehicle and the denial of their motion for attorney's fees. On 11 May 1992, the trial court entered a supplemental judgment, based upon an earlier motion by defendant, which off-set the damages awarded to plaintiffs by the difference between the book value of a 1989 Suburban as of 6 April 1992, and the date upon which the vehicle and proper title were tendered to General Motors.

---

The issues are whether: (I) the finding of an unreasonable refusal to comply with the Warranty Act, for purposes of determining whether damages should be trebled, is to be made by the trial court or the jury; (II) if it is for the jury to make this finding, did plaintiffs present substantial evidence that General Motors unreasonably refused to comply with the Warranty Act; (III) the finding of an unreasonable failure or refusal to comply with the Warranty Act, for purposes of awarding attorney's fees to the prevailing party, is to be made by the trial court or the jury; (IV) the trial court had the authority to condition plaintiffs' recovery of money damages upon the return of the defective vehicle; and (V) the trial court had jurisdiction to enter the supplemental judgment.

N.C. Gen. Stat. § 20-351.8 provides:

In any action brought under this Article, **the court may** grant as relief:

(1) A permanent or temporary injunction or other equitable relief as the court deems just;

(2) Monetary damages to the injured consumer in the amount fixed by the verdict. Such **damages shall be trebled upon a finding** that the manufacturer unreasonably refused to comply with G.S. 20-351.2 or G.S. 20-351.3. The jury may consider as damages all items listed for refund under G.S. 20-351.3;

(3) **A reasonable attorney's fee** for the attorney of the prevailing party, payable by the losing party, **upon a finding by the court** that:

　　a. The manufacturer unreasonably failed or refused to fully resolve the matter which constitutes the basis of such action; or

　　b. The party instituting the action knew, or should have known, the action was frivolous and malicious.

N.C.G.S. § 20-351.8 (1989) (emphases added).

## I

[1]　Section 20-351.8(2) requires the trebling of damages, as fixed by the jury verdict, upon a "finding" that the manufacturer was unreasonable in not complying with the Warranty Act. Because the statute does not specify who is to make this "finding," we utilize accepted rules of statutory construction to determine its meaning. Words of a statute must be "construed as a part of the composite whole and accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit." *Vogel v. Reed Supply Co.*, 277 N.C. 119, 131, 177 S.E.2d 273, 280 (1970). In Section 20-351.8(2) the word "finding" is used in the second of three sentences. Both the first and last sentence have reference to the jury. Furthermore, words used in a statute must be given "their common and ordinary meaning unless another is apparent from the context, or unless they have acquired a technical significance." *Duke Power Co. v. Clayton*, 274 N.C. 505, 510, 164 S.E.2d 289, 293 (1968). The common and ordinary meaning of "finding" suggest a "decision upon a question of fact." *Black's Law Dictionary* 758 (4th ed. 1968). Questions of fact are normally resolved by a jury unless the parties consent to a non-jury hearing or the statute specifically provides otherwise. Thus, construing Section 20-351.8(2) as a "composite whole" and giving the word "finding" its common and "ordinary meaning," we hold that whether a "manufacturer unreasonably refused to comply with G.S. [§] 20-351.2

or G.S. [§] 20-351.3" is a question for the jury when there is substantial evidence to support the claim.

## II

**[2]** Plaintiffs presented evidence which showed that they have taken the Suburban in for repair on over 30 occasions for a myriad of problems. Plaintiffs also presented evidence which showed that the Suburban was out of service for repairs for over 40 days during the first year of ownership, that they communicated their complaints to the service manager at Parks Chevrolet, Mr. Parks, General Motors Corporation, and the Chevrolet Customer Assistance Division, but that General Motors never offered to replace the vehicle or refund their money as required by N.C. Gen. Stat. § 20-351.3.

Taking this testimony as true, plaintiffs presented substantial evidence to support submitting the issue of unreasonableness to the jury in that a reasonable mind could accept the evidence as sufficient to support the conclusion that General Motors unreasonably refused to comply with the Warranty Act. *See Hines v. Arnold,* 103 N.C. App. 31, 34, 404 S.E.2d 179, 181 (1991).

Accordingly, the trial court erred in directing a verdict on this issue and plaintiffs are entitled to a new trial. *See McFetters v. McFetters,* 98 N.C. App. 187, 191, 390 S.E.2d 348, 350, *disc. rev. denied,* 327 N.C. 140, 394 S.E.2d 177 (1990). Because this error is confined solely to the issue of General Motors' unreasonableness for purposes of N.C. Gen. Stat. § 20-351.8(2), and does not relate to the other issues already decided by the jury, we remand for a new trial only as to the issue of General Motors' unreasonableness as that term is used in Section 20-351.8(2). *See Robertson v. Stanley,* 285 N.C. 561, 568, 206 S.E.2d 190, 195 (1974) (partial new trial may be granted where the error is confined to one issue which is entirely separable from the other issues and it is clear there is no danger of complication or injustice being done to either party).

## III

**[3]** Section 20-351.8(3) is specific in requiring that for purposes of awarding attorney's fees, it is the trial court that is to make the finding of whether a manufacturer has unreasonably failed or refused to comply with the Warranty Act or that the party bringing the action knew or should have known the action was frivolous or malicious. The terms "court" and "judge" are often used inter-

changeably. *See, e.g., State v. Hedgepeth*, 330 N.C. 38, 52, 409 S.E.2d 309, 318 (1991) ("[T]he jury returned to the courtroom and requested that the **trial judge** define serious injury. The **court** responded . . ."); *State v. Johnson*, 317 N.C. 193, 200, 344 S.E.2d 775, 780 (1986) ("[D]efendant's next argument relates to the instruction given to the jury by the **trial court**. The **trial judge** instructed . . ."); *see also Black's Law Dictionary* 425 (4th ed. 1968) ("The words 'court' and 'judge,' or 'judges,' are frequently used in statutes as synonyms."). We interpret the term "trial court" as used in N.C. Gen. Stat. § 20-351.8(3) to mean the trial judge. Therefore, for purposes of awarding attorney's fees, it is the trial judge, not the jury, that is to make the finding required by N.C. Gen. Stat. § 20-351.8(3). After making such a finding, the court may, in its discretion, award attorney's fees. *See Felton v. Felton*, 213 N.C. 194, 198, 195 S.E. 533, 536 (1938) ("The word 'may' as used in statutes in its ordinary sense is permissive and not mandatory."); *see also* N.C.G.S. § 75-16.1 (1988) (under the act regulating unfair and deceptive acts or practices, "presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party").

In this case, the trial judge, in allowing General Motors' motion for a directed verdict on the issue of General Motors' unreasonableness, determined as a matter of law that General Motors was not unreasonable. Because we have determined that there is substantial evidence of General Motors' unreasonableness, we also reverse the trial court's order denying plaintiffs' request for attorney's fees. On remand the trial judge must consider plaintiffs' entitlement to attorney's fees in light of the jury's verdict on the issue of whether General Motors unreasonably refused to comply with the Warranty Act. Of course, the award of attorney's fees remains in the discretion of the trial judge and will not be reversed absent an abuse of discretion.

IV

[4] A trial judge may not amend or change the substance of a verdict without the consent of the jury. *Southeastern Fire Ins. Co. v. Walton*, 256 N.C. 345, 348, 123 S.E.2d 780, 783 (1962). In this case, the jury was never instructed that the plaintiffs would be required to return the vehicle to General Motors. The jury charge and the verdict form were both silent on this matter, consequently, the jury was free to assume that plaintiffs would retain

ownership of the vehicle at the end of the litigation. Nonetheless, the trial court, in entering judgment on the verdict, ordered that plaintiffs return the vehicle to General Motors. This provision of the judgment was not called for by the jury's verdict, and substantially diminishes the relief provided for by the verdict. As such, the added provision improperly changed the substance of the jury's verdict. *See id.* This provision is therefore vacated.

Because the Warranty Act neither requires nor prohibits return of the defective vehicle to the manufacturer, in the absence of instructions to the jury regarding ownership of the vehicle if the manufacturer is found to have violated the Warranty Act, the ownership must remain with the plaintiff.

V

[5] Except by agreement of the parties, a judgment of the superior court must be entered "during the term, during the session, in the county and in the judicial district where the hearing was held." *State v. Boone*, 310 N.C. 284, 287, 311 S.E.2d 552, 555 (1984); *see also Capital Outdoor Advertising, Inc. v. City of Raleigh*, 109 N.C. App. 399, 401, 427 S.E.2d 154, 155 (applying rule in civil case), *rev. allowed*, 333 N.C. 789, 430 S.E.2d 429 (1993). An order entered in violation of this rule is null and void. *Boone*, 310 N.C. at 287, 311 S.E.2d at 555.

This case was tried during the 30 March 1992 session and the judgment was entered within the session. The trial judge entered the supplemental judgment on 11 May 1992. There is no evidence in the record that the session of court which began on 30 March was extended by the trial judge pursuant to N.C. Gen. Stat. § 15-167 (trial judge may extend session, but must enter order extending session). Accordingly, the supplemental judgment was entered outside the 30 March session and because there is no evidence in the record that the parties consented to entry of the supplemental judgment beyond the 30 March session, *see Capital Outdoor*, 109 N.C. App. at 401, 427 S.E.2d at 155, the trial court was without jurisdiction to enter the supplemental judgment. The supplemental judgment must therefore be vacated.

In summary, we remand for a new trial on the issue of whether General Motors unreasonably refused to comply with the Warranty Act. If the jury determines General Motors unreasonably refused to comply with the Warranty Act, plaintiffs' damages of $20,766.00

BEAU RIVAGE PLANTATION v. MELEX USA

[112 N.C. App. 446 (1993)]

must be trebled. After the jury makes its determination, the trial court must then consider whether plaintiffs are entitled to attorney's fees. The portion of the judgment conditioning plaintiffs' recovery of money damages upon return of the vehicle to General Motors and the supplemental judgment are vacated.

Vacated in part and remanded for a partial new trial.

Judges EAGLES and LEWIS concur.